UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIO-RAD LABORATORIES, INC., THE UNIVERSITY OF CHICAGO, LAWRENCE LIVERMORE NATIONAL SECURITY, LLC, AND PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>               Plaintiffs,<br><br>  v.<br><br>STILLA TECHNOLOGIES, INC. AND STILLA TECHNOLOGIES,<br><br>               Defendant. | Civil Action No. 1:19-cv-11587-WGY |

## JOINT [PROPOSED] JURY VERDICT

In answering the following questions and filling out this Verdict Form, you are to follow all of the instructions I have given you in the Court's charge. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

**In this Verdict Form:**

"Plaintiffs" refers to Bio-Rad Laboratories, Inc., the University of Chicago, Lawrence Livermore National Security, LLC, And President and Fellows of Harvard College, collectively.

"Stilla" refers to Stilla Technologies, Inc. and Stilla Technologies, collectively.

"The '933 Patent" refers to U.S. Patent No. 9,968,933. The Asserted Claims for the '933 Patent are Claims 1 and 4-10.

"The '780 Patent" refers to U.S. Reissued Patent No. 41,780. The Asserted Claims for the '780 Patent are Claims 1-3 and 9-13.

"The '444 Patent" refers to U.S. Patent No. 8,871,444. The Asserted Claims for the '444 Patent are claims 1-5 and 8.

"The '310 Patent" refers to U.S. Patent No. 9,127,310. The Asserted Claims for the '310 Patent are claims 1-5, 8, and 9.

1

## FINDINGS ON THE ASSERTED PATENTS

### INVALIDITY

1. Has Stilla proven by clear and convincing evidence that any of the following Asserted Claims are invalid?

Please check "Yes" (for Stilla) or "No" (for Plaintiffs).

|  | Yes | No |
|---|---|---|
| '933 Patent, Claim 1 | _____ | _____ |
| '933 Patent, Claim 5 | _____ | _____ |
| '780 Patent, Claim 1 | _____ | _____ |
| '780 Patent, Claim 10 | _____ | _____ |
| '780 Patent, Claim 13 | _____ | _____ |
| '444 Patent, Claim 1 | _____ | _____ |
| '444 Patent, Claim 3 | _____ | _____ |
| '444 Patent, Claim 5 | _____ | _____ |
| '310 Patent, Claim 1 | _____ | _____ |
| '310 Patent, Claim 2 | _____ | _____ |
| '310 Patent, Claim 3 | _____ | _____ |
| '310 Patent, Claim 9 | _____ | _____ |

If you answered "yes" for all of the claims, you should skip the remaining questions and proceed to the signature page. If you answered "no" for any of the claims, please answer Questions 2 [*and 3*][1] for those Patents with valid claims only. You do not need to answer Questions 2 [*and 3*][1] for any Patents for which you determined all the claims are invalid.

---

[1] If Stilla's proposed questions are used.

# INFRINGEMENT

**<u>Plaintiffs' Proposal</u>**[2]

2.      Have Plaintiffs proven by a preponderance of the evidence that Stilla has infringed any of the following Patents?

Please check "Yes" (a finding for Plaintiffs) or "No" (a finding for Stilla).

|            | Yes       | No        |
|------------|-----------|-----------|
| '444 Patent | _____ | _____ |
| '933 Patent | _____ | _____ |
| '780 Patent | _____ | _____ |
| '310 Patent | _____ | _____ |

If you found that Stilla infringed any of the asserted patents and that those infringed patents had claims that were not invalid, please answer questions 3 and 4 [*question 4*].[3]  Otherwise, do not answer questions 3 and 4 [*question 4*].[3]

---

[2] **Plaintiffs' Position:**  Plaintiffs do not believe there should be a special verdict on individual components of the accused systems, such as having the Sapphire Chip and Opal Chip listed in separate infringement questions on the verdict form, as proposed by Stilla.  Plaintiffs' experts, Dr. Batt and Dr. Gale, have opined that there are no differences between the Sapphire and Opal Chips that are relevant to infringement.  Stilla's expert, Dr. Santiago, does not have an opinion regarding any differences between the Sapphire and Opal Chips that are relevant to infringement.  While Stilla argues that Bio-Rad's experts may not rely on the absence of material differences between the Sapphire and Opal microfluidic chips to prove infringement of both, based on their detailed analyses of the Sapphire chip, this is incorrect. The Federal Circuit has held that "there is nothing improper about an expert testifying in detail about a particular device and then stating that the same analysis applies to other allegedly infringing devices that operate similarly, without discussing each type of device in detail." *TiVo, Inc. v. EchoStar Commc'ns Corp.*, 516 F. 3d 1290, 1308 (Fed. Cir. 2008). This is particularly true when the accused infringer makes no relevant distinction between them. *Id*.  Furthermore, any differences between the Sapphire and Opal Chips with regard to infringement may be resolved by the jury in the final damages number.

[3] If Stilla's proposed questions are used.

**Stilla's Proposal[4]**

2.   Have Plaintiffs proven by a preponderance of the evidence that Stilla's Sapphire Chip has been used to infringe any of the following Patents?

Please check "Yes" (a finding for Plaintiffs) or "No" (a finding for Stilla).

|  | Yes | No |
|---|---|---|
| '444 Patent | _____ | _____ |
| '933 Patent | _____ | _____ |
| '780 Patent | _____ | _____ |
| '310 Patent | _____ | _____ |

---

[4] **Stilla's Position on Infringement of Sapphire Chip v. Opal Chip:** The jury should be asked separate questions regarding alleged infringement of Stilla's Sapphire Chip and Stilla's Opal Chip. The evidence at trial will show that the Sapphire Chip and Opal Chip are two entirely different products, either of which can be used with Stilla's Naica® system. Plaintiffs' experts have treated these products as equivalent, but they are not equivalent. The evidence will show that the Sapphire and Opal Chip have different capabilities, different internal layouts, different schematics, and different technical documentation. Plaintiffs' technical experts based their infringement opinions on technical documents related to the Sapphire Chip only—even though Stilla also produced technical documents related to the Opal Chip during fact discovery—and incorrectly assumed (without supporting evidence) that there are "no substantive differences" between the Sapphire and Opal Chip. Plaintiffs bear the burden to prove by a preponderance of the evidence that *each accused product* infringes. *L & W, Inc. v. Shertech, Inc.*, 471 F.3d 1311, 1317-18 (Fed. Cir. 2006) ("[The patentee] cannot simply 'assume' that all of [defendant's] products are like the one [patentee's expert] tested and thereby shift to [Defendant] the burden to show that is not the case."); *AFG Indus. Inc. v. Cardinal IG Co.*, 375 F.3d 1367, 1374 (Fed. Cir. 2004) (remanding and requiring that the district court examine distinct products separately). Accordingly, the jury verdict should be specific to each product and indicate the jury's findings with respect to each product. *GuideTech, Inc. v. Brilliant Instruments, Inc.*, No. C 09-5517 CW, 2014 WL 4182340, at *3 (N.D. Cal. Aug. 22, 2014) (verdict form that "asked the jury to decide infringement as to each accused product, allowing them to find infringement of some products but not others").

3. Have Plaintiffs proven by a preponderance of the evidence that Stilla's Opal Chip has been used to infringe any of the following Patents?

Please check "Yes" (a finding for Plaintiffs) or "No" (a finding for Stilla).

|  | Yes | No |
|---|---|---|
| '444 Patent | _____ | _____ |
| '933 Patent | _____ | _____ |
| '780 Patent | _____ | _____ |
| '310 Patent | _____ | _____ |

If you found all Patents to be either invalid or not infringed, you should skip the remaining questions and proceed to the signature page. If you found any Patent to be both not invalid and infringed, please answer questions 4 and 5.

**Plaintiffs' Proposal**[5]

### FINDING ON WILLFULNESS

3.  Have Bio-Rad proven that it is more likely than not that Stilla's infringement was willful?

    Yes _____ (for Plaintiffs) No _____ (for Stilla)

**Stilla's Proposal**[6]

(No question on willfulness)

### FINDING ON PATENT DAMAGES

Joint Proposal

4.  What amount of damages have Plaintiffs proven would be adequate compensation for the infringement up to and including the date of this verdict?  Write out the amount in numbers and then in words.

    $_____ (numbers)

    _____ (words)

---

[5] **Plaintiffs' Position**:  There should be a verdict form question on willfulness.  In the course of fact discovery, it became clear based on non-public information that Stilla knowingly and willfully infringed Bio-Rad's patents prior to the suit being filed and continues to do so. Stilla refused to provide discovery on many aspects of its willful infringement, citing privilege, and requested that Plaintiffs not recite any of the details of the evidence of its knowledge in this pretrial memorandum. Plaintiffs' respectfully request leave to conform the pleadings to the evidence of Stilla's willful infringement that Plaintiffs will present at trial. Stilla's willful infringement is closely tied to Plaintiffs' underlying infringement claims and is evidenced by on non-public information in Stilla's exclusive possession.

[6] **Stilla's Position**: The jury should not be asked about willfulness on the verdict form.  Plaintiffs did not plead willfulness in their complaint.  Nor did Plaintiffs ever seek leave from the Court to amend their complaint to add a willful infringement claim.  And in the nearly two years this case has been pending, Plaintiffs made no claim or allegation of willfulness by Stilla.  Plaintiffs did not inform Stilla that they planned to ask to amend their pleadings until less than a month prior to trial, and did not provide any justifications for the undue delay.  Plaintiffs did not seek consent to amend their pleadings during the pre-trial conference.  To date, Plaintiffs still have not filed any motion for leave to amend their pleadings.

## UNANIMOUS VERDICT

We, the jury, unanimously agree to the answers to the above questions and return them as our verdict in this case.

_____    _____

Foreperson                                                  Juror

_____    _____

Juror                                                            Juror

_____    _____

Juror                                                            Juror

_____    _____

Juror                                                            Juror

_____    _____

Juror                                                            Juror

_____    _____

Juror                                                            Juror

Date: June 25, 2021                                      Respectfully Submitted,

                                                        */s/ Justin Constant*
Edward Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: 650-802-3000
Fax: 650-802-3100
bio-rad.10x.ma@weil.com

Garland Stephens (admitted *pro hac vice*)
Justin Constant (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street,
Suite 1700
Houston, TX 77002
Tel: (713) 546-5011
Fax: (713) 224-9511
bio-rad.10x.ma@weil.com

David S. Godkin (BBO #196530)
James E. Kruzer (BBO #670827)
BIRNBAUM & GODKIN, LLP
470 Atlantic Avenue, 4th Floor
Boston, MA 02210
Tel: 617-307-6100
Fax: 617-307-6101
kruzer@birnbaumgodkin.com
godkin@birnbaumgodkin.com

*Attorneys for Plaintiffs Bio-Rad Laboratories, Inc., the University of Chicago, and Lawrence Livermore National Security, LLC*


*/s/ Elizabeth G.H. Ranks*
Whitney A. Reichel (BBO #663599)
Elizabeth G.H. Ranks (BBO #693679)
Qiuyi Wu (BBO #704069)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
wreichel@fr.com
liz.ranks@fr.com
qwu@fr.com
(617) 542-5070 Telephone
(617) 542-8906 Facsimile

Juanita R. Brooks (*pro hac vice*)
Michael A. Amon (*pro hac vice*)
K. Nicole Williams (*pro hac vice*)
FISH & RICHARDSON P.C.
12860 El Camino Real
Suite 400
San Diego, CA 92130
brooks@fr.com
(858) 678-5070 Telephone
(858) 678-5099 Facsimile

*Attorneys for Defendants*
*Stilla Technologies, Inc. and*
*Stilla Technologies*

## CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 25th day of June, 2021.

*/s/ Justin Constant*
Justin Constant
